Dear Mr. Limbaugh:
This is in reply to your inquiry asking the following questions:
 "Is there a conflict of interest when a City Councilman owns and operates a business which [leases property from] the city?";
 "Second, if there is a conflict of interest, does a blind trust eliminate that conflict?"
The relevant facts in the present instance are that the City of Cape Girardeau, a third-class city, has entered into an agreement with a business owned and operated by a Cape Girardeau City Councilman whereby the City grants to the business the right to operate a car rental concession at the Cape Girardeau Municipal Airport in exchange for a certain percentage of the revenue thereof.
With regard to the first question stated above, your attention is directed to § 106.300, RSMo 1978, which provides as follows:
 "If any city officer shall be directly or indirectly interested in any contract under the city, or in any work done by the city, or in furnishing supplies for the city, or any of its institutions, he shall be deemed guilty of a misdemeanor; and any appointed officer becoming so interested shall be dismissed from office immediately by the mayor; and upon the mayor becoming satisfied that any elective officer is so interested, he shall immediately suspend such officer and report the facts to the council, whereupon the council, as soon as practicable, shall be convened to hear and determine the same; and if, by two-thirds vote of the council, he be found so interested, he shall be immediately dismissed from such office."
It is the opinion of this office that the above-quoted statute is dispositive of the first issue stated above.[1] As is evident from the terms of § 78.460, RSMo 1978, a city councilman under the city manager form of government adopted by the City of Cape Girardeau is a "city officer" as that phrase is used in § 106.300. It is equally clear that, since the councilman in the present case owns and operates the business contracting with the City, he is "directly or indirectly interested" in the contract with that business.
Having concluded that the above-described agreement constitutes a violation of § 106.300, it must next be determined whether this violation may be avoided by means of a "blind trust." In view of the language of this statute prohibiting a direct or indirect
interest in a city contract, it is the opinion of this office that in this situation a violation of § 106.300 cannot be avoided by the use of a "blind trust."
CONCLUSION
It is the opinion of this office that:
1. A city councilman of a third-class city who enters into a contract with that city for the purpose of leasing certain concession rights in exchange for a percentage of the revenue thereof violates § 106.300, RSMo 1978, which prohibits city officers from being directly or indirectly interested in city contracts; and
2. The above violation cannot be avoided by the use of a "blind trust."
The foregoing opinion, which I hereby approve, was prepared by my assistant, John M. Morris.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] Two provisions in the Missouri Statutes with regard to conflict of interest, § 78.640, RSMo 1978, and §§ 105.450-105.482, RSMo 1978, are not directly pertinent to the present issue.